**UNITED STATES of America, Plaintiff,**

v.

**Ozzy TRINH, Defendant.**

**No. CR. A. 98–00550–04.**
**No. CIV. A. 00–6085.**

United States District Court,
E.D. Pennsylvania.

April 12, 2001.

Ozzy Trinh, Minersville, PA, pro se.

**Memorandum and Order**

YOHN, District Judge.

Before the court is Ozzy Trinh's pro se § 2255 motion to vacate, set aside, or correct his sentence. Trinh claims that the enhancement for possession of a firearm under § 2D1.1(b)(1) of the United States Sentencing Guidelines applied to his sentence was unconstitutional because the facts giving rise to the enhancement were not alleged in his superceding indictment. Trinh also claims that the enhancement was unconstitutional because the court, not a jury, determined the relevant findings of fact concerning the enhancement.

Trinh's first argument fails because possession of a firearm is not an element of any of the offenses to which he pled guilty.

Therefore, it need not be alleged in the indictment. Thus, Trinh's guilty plea bars him from collaterally attacking the indictment. For a variety of reasons, Trinh's second argument also fails as a matter of law. Trinh procedurally defaulted his claim by not raising it on direct review, and he has not alleged cause, prejudice or actual innocence. Moreover, Trinh's claim relies on the retroactive application of the new rule of constitutional procedure announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This new rule, however, does not warrant retroactive application on collateral review. Finally, even were the new rule to be considered, based on the Third Circuit's interpretation of *Apprendi*, this rule would not apply to sentencing guideline issues.

## I. Facts

Ozzy Trinh pled guilty to four counts of his superceding indictment: (1) participating in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h); (2) participating in a conspiracy to evade currency reporting requirements under 31 U.S.C. §§ 5313(a), 5316 and structuring and assisting in the structuring of transactions to evade reporting requirements in violation of 31 U.S.C. §§ 5324(a), (b) and 18 U.S.C. § 371; (3) participating in a conspiracy to distribute and to possess heroin with the intent to distribute in violation of 21 U.S.C. § 846; and (4) participating in a conspiracy to import heroin into the United States in violation of 21 U.S.C. § 963. Guilty Plea Agreement (Doc. No. 280); Plea (Doc. No. 283). Under his guilty plea agreement, Trinh and the government assented to various sentencing stipulations not relevant to the matter at hand.[1] Guilty Plea

---

1. Specifically, Trinh agreed to the following stipulations:

 A. "the defendant has demonstrated acceptance of responsibility for his offense conduct, making the defendant eligible for

a 2–level downward adjustment under § 3E1.1.(a); and [ ] the defendant has timely notified the government of his intent to plead guilty and has timely notified the authorities of his intention to enter a guilty

Agreement at 5–6. However, also under the agreement, the parties explicitly reserved the right to present at sentencing evidence and arguments concerning Trinh's possession of a firearm and the applicability of a sentence enhancement under § 2D1.1(b)(1) of the Sentencing Guidelines. *Id.* at 6.

On March 24 and 29, 2000, I held evidentiary hearings on the firearm enhancement. Tr. of 3/24 Hr'g (Doc. No. 406); Tr. of 3/29 Hr'g (Doc. No. 407). I concluded that Trinh possessed a firearm in connection with the drug trafficking offenses to which he had pled guilty. Tr. of 3/29 Hr'g (Doc. No. 407) at 56–58.[2] Based on this conclusion, on May 17, 2000, I enhanced Trinh's guideline range two levels under § 2D1.1(b)(1). Sentencing (May 17, 2000). As a result, Trinh's adjusted offense level was 33 which, under criminal history Category I, dictated a guideline range of 135 to 168 months. *Id.* The court imposed a sentence of 135 months. Trinh did not appeal his conviction or his sentence.

On October 10, 2000, Trinh filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. At no point prior to his § 2255 motion did Trinh object that his indictment was defective due to failure to allege the firearm enhancement or assert that the jury, rather than the sentencing court, should have determined the facts warranting imposition of the firearm enhancement.

## II. Discussion

Trinh argues that the application of the firearm enhancement to his sentence was unconstitutional. Section 2255 Mot. (Doc. No. 421) at 4. Trinh specifically states that his sentence was enhanced even though the firearm enhancement "was not a part of the indictment against him [and was not] voted on by a jury." *Id.* He goes on to state that he had a permit to carry the firearm in question and that the firearm was not used in the commission of the crimes for which he pled guilty. *Id.* The court understands Trinh to be basing his constitutional arguments on either of

plea, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiency, making the defendant eligible for the 1–level downward adjustment under § 3E1.1.(b)(2)";

B. "the defendant participated in a conspiracy to launder funds which the defendant knew and believed were proceeds of heroin trafficking, in violation of 18 U.S.C. § 1956(a)(1)(A) and § 1956(a)(2)(A), and which involved more than $100,000; therefore, defendant's adjusted base offense level under § 2S1.1. is level 27";

C. "the defendant participated in a conspiracy to distribute and to possess heroin with the intent to distribute, and a conspiracy to import heroin, for which the defendant is responsible for at least three but less than ten kilograms of heroin; therefore the defendant's base offense level under § 2D1.1 of level 34";

D. "the defendant's convictions on Counts One, Two, Three and Four would be grouped into a single group".

Guilty Plea Agreement at 5.

2. The court followed the standard of review specified in Note 3 to § 2(d)1.1: "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense." Tr. of 3/29 Hr'g at 54.

After reviewing the facts presents by both parties, I stated "... [I]t has been admitted that Defendant Trinh had a weapon in his possession. And, it is clear also that he had drugs and money in his possession in the Mascher Street address and also Welsh Road, and that he carried the weapon in connection with drug transactions and had it in his possession in his residences in connection with drug transactions. [ ] I could not find that it is clearly improbable that the weapon was connected with the offenses." *Id.* at 58.

two claims: (1) the firearm-possession enhancement was not specifically alleged in the superceding indictment; (2) the court, not a jury, conducted the relevant fact-finding inquiry, and the findings were not made under a reasonable doubt standard. Each of these bases for Trinh's constitutional claim is considered in turn.

### A. Availability of Collateral Review of Alleged Defects in Superceding Indictment

■■ " '[I]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may [generally] not be collaterally attacked.' " *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984)); *accord, e.g., Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). However, the general bar on collateral attack does not apply where one seeks to challenge a court's jurisdiction to convict or sentence. *See id.* at 575, 109 S.Ct. 757. Here, Trinh does not allege that his guilty plea was involuntary or unintelligent, and hence, analysis moves to the jurisdictional exception.

■■ To confer federal jurisdiction, an indictment must allege all elements of an offense. *See United States v. Spinner*, 180 F.3d 514, 515–16 (1999). Trinh does not claim that his superceding indictment failed to allege the elements of the offenses for which he was convicted. Furthermore, Trinh's firearm-possession is not an element of any of the offenses for which he was charged, rather the possession serves to trigger a sentencing enhancement under the guidelines. Consequently, the superceding indictment is not jurisdictionally defective, and Trinh's guilty plea forecloses collateral attack on the superceding indictment.

### B. Basis for Determination of Enhancement

The Supreme Court recently held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2363–64, 147 L.Ed.2d 435 (2000). Here, Trinh argues that, in applying a firearms enhancement to his sentence, the court made the factual determinations and did not apply the reasonable doubt standard. However, the *Apprendi* rule, for a variety of reasons, is not applicable to Trinh's case. First, Trinh procedurally defaulted his *Apprendi* claim by not raising it on direct appeal. Second, *Apprendi* was decided after Trinh's case and does not apply retroactively on collateral review. Third, the *Apprendi* rationale does not apply where the sentencing court, acting under the sentencing guidelines, does not increase the sentence beyond the maximum statutory penalty. Each of these independent barriers to Trinh's constitutional claim is examined below.

### 1. Procedural Default

■■ "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice[ ]' . . . or that he is 'actually innocent.' " *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Trinh pled guilty, does not here allege actual innocence, and hence he must show both cause and actual prejudice in order to avoid waiver.

■■ "Cause" exists where there is an "external impediment, whether it be government interference or the reasonable

unavailability of the factual basis for the claim," that prevents the petitioner from raising the claim. *See McCleskey v. Zant,* 499 U.S. 467, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Furthermore, "cause" exists "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). The record reveals no facts to substantiate government interference or the unavailability of facts.

Furthermore, Trinh cannot establish "cause" for failing to raise a claim under *Apprendi.* Although *Apprendi* had not been decided by the time of his guilty plea and sentencing, the claim presented in *Apprendi* had been raised in 1997 by the *Apprendi* defendant in the New Jersey Superior Court. *See State v. Apprendi,* 698 A.3d 1265 (N.J.Super.1997). Furthermore, the Supreme Court has specifically noted that the legal issue in *Apprendi* had long been the subject of legal debate. *See Apprendi,* 120 S.Ct. at 2360–63; *cf. United States v. Chapple,* 985 F.2d 729, 731 (3d Cir.1993) (rejecting proposition that jury rather than the court must decide drug quantity); *United States v. Gibbs,* 813 F.2d 596, 604 (3d Cir.1987) (rejecting claim that indictment must allege drug quantity). In short, it is plain that the *Apprendi* issue was reasonably available to counsel.

■ Finally, Trinh cannot establish prejudice, because an *Apprendi* violation occurs only when the defendant receives a sentence that exceeds the statutory maximum penalty. *See United States v. Cepero,* 224 F.3d 256, 267 n. 5 (3rd Cir.2000). Here Trinh faced a maximum penalty of 240 months under 21 U.S.C. § 841(b)(1)(C) as well as under 18 U.S.C. § 1956, but received a lesser term of 135 months. In sum, Trinh, due to his failure to raise his *Apprendi* claim on direct review, has procedurally defaulted his *Apprendi* claim for purposes of collateral review and has dem-

onstrated neither cause nor actual prejudice to excuse the default.

## 2. Retroactive Effect

■ Even were Trinh not to have procedurally defaulted his *Apprendi* claim, Trinh is still barred from § 2255 relief because *Apprendi* does not apply retroactively on collateral review. A habeas petitioner "must demonstrate as a threshold matter that the court-made rule of which he seeks the benefit is not 'new[ ]' " or that although the rule is new, it applies retroactively nonetheless. *See O'Dell v. Netherland,* 521 U.S. 151, 155, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997); *accord Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). A rule applies retroactively only if (1) the defendant's conviction became final prior to the institution of the rule, (2) the rule is new, and (3) the rule falls under one of the *Teague* exceptions: either the rule places the conduct for which the defendant was convicted beyond the power of the criminal lawmaking authority to proscribe or the rule establishes procedures that are implicit in the concept of ordered liberty. *See id.; West v. Vaughn,* 204 F.3d 53, 61 (3d Cir. 2000).

Trinh's conviction became final on the day of his appeal deadline, May 27, 2000, which fell prior to the June 26, 2000 issuance of *Apprendi. See* 120 S.Ct. at 2348. Furthermore, "[i]n general, [ ] a case announces a new rule when it breaks new ground or imposes a new obligation on the States or Federal Government." *Teague,* 489 U.S. at 301, 109 S.Ct. 1060. "To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (emphasis in original). As other courts have noted, "[t]he holding in *Apprendi* was not dictated by precedent and clearly imposes a new obli-

gation on the Government." *United States v. Gibbs,* 125 F.Supp.2d 700, 702 (E.D.Pa. 2000); *accord United States v. Heckard,* 238 F.3d 1222, 1234 (10th Cir.2001); *Jones v. Smith,* 231 F.3d 1227, 1236 (9th Cir. 2000). Accordingly, *Apprendi* states a new rule.

*Apprendi* does not fall under the first *Teague* exception, as *Apprendi* does not relate to a law-making authority's power to proscribe conduct, but rather relates to the procedure whereby sentences are assigned. *See Apprendi,* 120 S.Ct. at 2354 ("The substantive basis for New Jersey's enhancement is not at issue; the adequacy of New Jersey's procedure is."). In order for a rule to fall under the second *Teague* exception, "the procedure at issue must implicate the fundamental fairness of the trial." Moreover, "[a] rule that qualifies under this exception must not only improve accuracy, but also alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Sawyer v. Smith,* 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990). While it is difficult to define the "precise contours" of the second *Teague* exception, the Supreme Court has specified that the second exception consists of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks,* 494 U.S. 484, 496, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990). Furthermore the Supreme Court's decisions since *Teague* have "underscored the narrowness of this second *Teague* exception." *United States v. Mandanici,* 205 F.3d 519, 528 (2d Cir.2000) (noting that in the eleven cases where the Supreme Court has announced new rules, it has under the *Teague* framework held that the rules do not apply retroactively); *accord Levan v. United States,* 128 F.Supp.2d 270, 277 (E.D.Pa.2001); *Gibbs,* 125 F.Supp.2d at 702. Finally, "the Supreme Court has repeatedly declined to apply new constitu-

tional standards retroactively to prior cases if the defendants in those cases had the benefit of preexisting, albeit less specific or less stringent standards protecting the same interests." *Levan,* 128 F.Supp.2d at 278; *accord, e.g., Solem v. Stumes,* 465 U.S. 638, 644, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984).

The new rule announced in *Apprendi*— that a jury, not a judge, must determine facts supporting a statutory sentencing enhancement and that the determination must be made on the reasonable doubt standard—is not the type of watershed rule encompassed by the second *Teague* exception. "Shifting an element of the offense from jury to judge and utilizing a preponderance rather than a beyond reasonable doubt standard does not implicate fundamental fairness or relate to the accuracy of the conviction or sentence." *Levan,* 128 F.Supp.2d at 278 (citing *Jones v. Smith,* 231 F.3d 1227, 1237–38 (9th Cir. 2000)). Moreover, "[t]he fact that the application of a different standard of review might lead to different results is [in itself] insufficient." *Id.* (citing *Mackey v. United States,* 401 U.S. 667, 672, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)). The *Apprendi* rule does not implicate the fundamental fairness of Trinh's sentencing, and therefore, *Apprendi* cannot be retroactively applied in Trinh's motion for collateral review.

### 3. Applicability of Apprendi

 Even were *Apprendi* to be applied retroactively, it would provide no relief for Trinh. The Third Circuit has held that *Apprendi* does not apply where the district court's findings increased the defendant's sentence under the sentencing guidelines but did not lead to a sentence over the statutory maximum. *See United States v. Williams,* 235 F.3d 858, 862 (3d Cir.2000) ("[B]ecause application of the Sentencing Guidelines in this case does not implicate a

fact that would increase the penalty of a crime beyond the statutory maximum, the teachings of [*Apprendi*] are not relevant here." (citation omitted)). The Third Circuit noted that *Apprendi* did not address sentencing under the sentencing guidelines, but rather addressed sentencing under state law. *See United States v. Williams,* 235 F.3d 858, 862 (3d Cir.2000); *see also Apprendi,* 120 S.Ct. at 2366 n. 21 ("The Guidelines are, of course, not before the [Supreme] Court. We therefore express no view on the subject beyond what this Court has already held."). The Third Circuit further noted that prior Supreme Court caselaw found no grounds for reversal where a district court had made findings that increased a defendant's sentence but did not exceed the maximum permitted by statute. *See Williams,* 235 F.3d at 863 (discussing *Edwards v. United States,* 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998)).

Here, the maximum statutory penalty applicable to Trinh's convictions on Counts III and IV is 240 months imprisonment under 21 U.S.C. § 841(b)(1)(C). The maximum statutory penalty applicable under Count I is also 240 months under 18 U.S.C. § 1956. This court, after increasing Trinh's guideline range two levels under § 2D1.1(b)(1), imposed 135 months of imprisonment. Under *Williams,* therefore, the *Apprendi* rule does not provide Trinh relief.

### III. Conclusion

In sum, Trinh's motion to vacate, set aside, or correct his sentence will be denied. First, Trinh's guilty plea bars him from collaterally attacking the superceding indictment. Second, Trinh procedurally defaulted his *Apprendi* claim. Even otherwise, his argument is premised on the retroactive application of the *Apprendi* rule, but because the *Apprendi* rule does not implicate the fundamental fairness of his sentencing, the rule cannot be applied retroactively on collateral review. Finally, even were the court to apply the *Apprendi* rule, it would provide no relief for Trinh, since his sentence did not exceed the statutory maximum.

### Order

And now, this day of April, 2001, upon consideration of defendant's motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 421) and the government's response thereto (Doc. No. 436), IT IS HEREBY ORDERED that the defendant's motion is DENIED. IT IS FURTHER ORDERED that as there has been no substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.