**Justine MOORE, Petitioner,**

v.

**Warden K.M. WHITE, Kathleen Hawk–Sawyer, Respondents.**

No. 01–CV–117.

United States District Court,
S.D. New York.

March 4, 2002.

Justine Moore, Danbury, CT, petitioner pro se.

Joseph A. Pavone, United States Attorney for the Northern District of New York (Joshua W. Nesbitt, AUSA, of counsel), Syracuse, NY, for respondents.

### MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

The petitioner, Justine Moore, filed for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2241. On January 7, 1999, in the United States District Court for the Northern District of New York, before the Hon. Howard G. Munson, petitioner pleaded guilty to a single count of an indictment charging her with possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 851. She received a sentence of 240 months imprisonment followed by ten years of supervised release. The Second Circuit Court of Appeals affirmed petitioner's conviction on November 29, 1999, and denied her motion for a rehearing on January 20, 2000. No further appeal proceedings were instituted by petitioner.

■ On July 13, 2001, petitioner filed a petition for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2241, in the United States District Court, District of Connecticut. Her petition challenged the legality of her conviction and sentence, and raised one ground for relief, that the trial court failed to submit each element of her offense to a jury as required by the United States Supreme Court's decision *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Connecticut district court found that 28 U.S.C. § 2241 petition generally challenges the execution of a sentence, and not the legality of the petitioner's conviction and sentence. The proper way to make the latter challenge is by bringing a motion in the court where the petitioner was sentenced, pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct a sentence. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles v. Chandler,* 180 F.3d 753, 758 (6th Cir.1999).

■ The court then concluded that it would be in the interest of justice to transfer the petition to the Northern District of New York under 28 U.S.C. 1631 as a § 2255 motion. The Second Circuit has held, however, that when a petitioner had never filed a § 2255 motion, a district court may not recharacterize a motion purportedly made under some other rule as a § 2255 motion unless the district court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized. *Adams v. United States,* 155 F.3d 582 (2d Cir.1998).

By order dated November 14, 2001, the court informed petitioner that it decided to recharacterize her § 2241 petition as a § 2255 motion and transfer it to the Northern District of New York. In a letter dated November 30, 2001 petitioner consented to this proposed disposition of her § 2241 petition, and the case was transferred to this court by order entered January 15, 2002.

The Antiterrorism and effective Death Penalty Act ("AEDPA") imposes a one

year limit on the filing of petitions pursuant to the 28 U.S.C. § 2255 statute. *Rodriguez v. Artuz*, 990 F.Supp. 275, 283 (S.D.N.Y.1998). The limitation period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date upon which the impediment created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

■ It is apparent that the limitations question in the instant case is only concerned with # 1 above, the date on which petitioner's judgment of conviction became final. There is no question that the one year limitation period for bringing a § 2255 motion in this case expired at least four months before petitioner filed her habeas petition on July 13, 2001. Her conviction was affirmed by the Second Circuit Court of Appeals on November 29, 1999, and no further review by any court was sought. Therefore, petitioner's § 2255 one year limitation period expired on November 29, 2000, and even if the 90 day time period in which she would have had to seek *certiorari* with the United States Supreme Court were included in determining the date on which her conviction became final, that date would then become February 28, 2001, and petitioner's § 2255 motion would still be untimely. *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.2001),

*cert. denied,* —— U.S. ——, 122 S.Ct. 279, 151 L.Ed.2d 205 (2001). The termination of the limitation statute in the instant case commented on by the Connecticut district court in a footnote on page 4 of its order of November 14, 2001, that recharacterized the § 2241 habeas petition as a § 2255 motion. The court stated "[a]lthough it appears that the statute of limitations had run in this case, there are exceptions to the statute of limitations as well as the possibility of equitable tolling." The AEDPA's one year period of limitations is not jurisdictional and, therefore, is subject to equitable tolling. *Taliani v. Chrans,* 189 F.3d 597–98 (7th Cir.1999).

■ The Second Circuit has adopted the doctrine of equitable tolling in the context of AEDPA's statute of limitations provisions. *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). In order to equitably toll the one-year period of limitations, petitioner must show that extraordinary circumstances prevented her from filing on time. *Johnson v. Nyack Hospital,* 86 F.3d 8, 12 (2d Cir.1996). "[A] petitioner's own behavior ... may ... fatally undermine his claim that 'rare and extraordinary' or 'exceptional' circumstances warrant equitable tolling." *Valverde v. Stinson,* 224 F.3d 129, 133 n. 3 (2d Cir.2000). This is certainly true in the case at bar where in paragraph 6 of her habeas petition she "contends that 28 U.S.C. Sec. 2255 provides an inadequate remedy. Since Petitioner is out of time to file a Sec. 2255 motion, relief sought pursuant to Sec. 2255 is unavailable."

■ Moreover, only those situations where the unavailability of § 2255 would raise serious constitutional questions is § 2255 deemed inadequate to test the legality of a prisoner's detention. Denying petitioner collateral review where § 2255 is unavailable because of her failure to

abide by the statute of limitations provisions provision does not raise any serious constitutional questions. *Triestman v. United States,* 124 F.3d 361, 377 (2d Cir. 1997).

The court concludes that petitioner is procedurally barred from pursuing relief under § 2255, and further finds that her claims under *Apprendi* are without merit because they are procedurally defaulted, and even if they were not, the *Apprendi* ruling cannot be utilized in her case.

▉ A petitioner's failure to raise a claim of error at trial or on direct appeal constitutes a procedural default that bars collateral review absent a showing of both good cause to excuse the default and ensuing prejudice. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Douglas v. United States,* 13 F.3d 43, 46 (2d Cir.1993). The lack of precedent for a position is different from cause for failing to make a legal argument. Even if the law is against a contention, a party must make the argument to preserve it for later consideration *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Engle v. Isaac,* 456 U.S. 107 at 130 n. 35, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Cause means some impediment, and petitioner does not contend that any outside force impeded her legal defense in 1997. The lack of any reasonable basis for a claim may constitute cause, *Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), but the foundation for *Apprendi* was laid quite some time ago. Other defendants have been advocating *Apprendi* type arguments ever since the Sentencing Guidelines came into being, and in *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the Court addressed the merits of a comparable argument. In fact, the touchstone of the *Apprendi* reasoning appeared at least as early as 1970

in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Furthermore, before the *Apprendi* decision was announced, petitioner could have used the cases later cited in the Supreme Court's *Apprendi* opinion to formulate an *Apprendi* style argument for use in her direct appeal.

▉ It is undisputed that petitioner did not raise the *Apprendi* argument she now advances at any time prior to the filing of this motion, and she does not claim that some outside force impeded her legal defense, therefore, she has not established cause, and because petitioner has failed to show any cause for excusing her procedural default, the court need not consider the issue of prejudice. *Smith v. Murray,* 477 U.S. at 527, 533, 106 S.Ct. 2661, at 2665, 91 L.Ed.2d 434 (1986).

▉ In considering cause and prejudice, the court has assumed that *Apprendi* applies here in the first place. *Apprendi* puts forth a new rule of constitutional law, and its application to the instant case would require using it as the foundation for a retroactive collateral review. Under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), few constitutional arguments apply retroactively on collateral attack even if properly preserved. *Teague* established that a new rule cannot constitute the basis for retroactive collateral review unless it places an entire category of conduct beyond the reach of criminal law, forbids the use of a certain kind of punishment for a class of defendants, or it is essential for the fundamental fairness of the proceeding. *Bilzerian v. United States,* 127 F.3d 237, 241 (2d Cir.1997) (citing *Sawyer v. Smith,* 497 U.S. 227, 241–42, 110 S.Ct. 2822, 111 L.Ed.2d 193), *cert. denied,* 527 U.S. 1021, 119 S.Ct. 2365, 144 L.Ed.2d 770 (1999). *Apprendi* surely did not decriminalize a category of conduct or prohibit imprison-

ment of drug conspirators. The shift of the determination of drug quantity or other facts permitting sentences above otherwise statutory maxim from the judge to the jury was not necessary to the fundamental fairness of criminal proceedings, as verified in *Bilzerian* that the shift of the determination of materiality in false statement cases, see 18 U.S.C. § 1001, from the court to the jury did not come within *Teague's* exceptions. 127 F.3d at 241. Hence, as many circuits have already held, *Apprendi* cannot buttress a retroactive collateral review. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir.2001); *United States v. Moss*, 252 F.3d 993, 1001–02 (8th Cir.2001), *cert. denied*, —— U.S ——, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002); *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001); *Jones v. Smith*, 231 F.3d 1227, 1236 (9th Cir.2000); and the Second Circuit has stated, "[t]o date, the Supreme Court has not offered any guidance on whether *Apprendi* has retroactive application to cases on collateral review. And this court has not yet ventured where the Supreme Court has thus far feared to tread." *Santana–Madera v. United States*, 260 F.3d 133, 141 (2d Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 817, 151 L.Ed.2d 701 (2002).

Accordingly, petitioner's motion to vacate, set aside or correct her sentence of imprisonment is **DENIED.**

**IT IS SO ORDERED**