**Nelson VARGAS, Petitioner,**

v.

**UNITED STATES, Respondent.**

**No. 01 Civ. 5527(VM).**
**No. 88 CR 325(DNE).**

United States District Court,
S.D. New York.

June 27, 2002.

Nelson Vargas, Lompoc, CA, pro se.

### *DECISION AND ORDER*

MARRERO, District Judge.

On June 19, 2001, Petitioner Nelson Vargas ("Vargas"), acting *pro se,* filed a

petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence, asserting that, in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he had been improperly sentenced for his offense because the jury that convicted him made no specific findings of the quantity of narcotics involved in his offense. By letter dated November 30, 2001, the Government opposed the petition, contending that: (1) Vargas's petition is time barred; (2) *Apprendi* does not apply retroactively to cases on collateral review; and (3) Vargas's *Apprendi* claims are barred because he failed to raise them on direct appeal. On January 8, 2002, Vargas filed a reply to the Government's opposition. For the reasons discussed below, the Court finds that *Apprendi* does not apply retroactively to this case and accordingly, Vargas's petition is time barred.

## I. BACKGROUND

On December 20, 1988, the Government filed Indictment No. 88 Cr. 325, alleging, among other things, that Vargas conspired to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846. On December 20, 1989, a jury convicted Vargas of this charge and on October 18, 1991, the Honorable David N. Edelstein sentenced Vargas to 480 months imprisonment and five years of supervised release. Vargas filed an appeal to his conviction and sentence, which was denied on May 14, 1992. (*See* Exhibit B, attached to Government's Letter in Opposition to Petitioner-defendant Nelson Vargas's Petition, dated November 30, 2001 ("Gov't Ltr.")).

## II. DISCUSSION

In the Anti-terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"), Congress introduced new time limits on when a prisoner in federal custody may file a petition for a writ of habeas corpus. AEDPA amended Title 28, United States Code, Section 2255 (" § 2255") to provide that a prisoner in federal custody must file a petition for a writ of habeas corpus within one year from the later to occur of:

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Vargas's petition is clearly untimely under subsections one, two and four of § 2255: His conviction became final on May 14, 1992 and the Second Circuit has stated that the last day for petitioners in Vargas's position to file a habeas petition was April 24, 1997, one year after AEDPA became effective. *See Mickens v. United States*, 148 F.3d 145, 148 (2d Cir.1998). Vargas's petition is untimely under § 2255(1) because he filed his petition on June 19, 2001, more than four years after April 1997. Furthermore, Vargas's petition is untimely under § 2255(2) and (4) because he neither alleges that he was prevented from making a motion due to unconstitutional or unlawful governmental action nor that there are newly discovered facts supporting his claim for relief. Var-

gas's principal contention is that, in light of the Supreme Court's decision in *Apprendi*, his petition is timely under § 2255(3).

■ In *Apprendi*, the Supreme Court established a new rule of criminal procedure, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. An opinion of the Supreme Court announces a new rule of criminal procedure if "the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). While addressing the same question of whether *Apprendi* applies retroactively, Judge Chin recently noted that "Circuit courts are in general agreement that *Apprendi* sets forth a new rule of criminal procedure." *Raulston v. Menifee*, No. 01 Civ. 0406, 2002 WL 826810, at *4 (S.D.N.Y. Apr.30, 2002); *see also United States v. Sanders*, 247 F.3d 139, 147 (4th Cir.2001) ("*Apprendi* is certainly a new rule of criminal procedure"); *In Re Clemmons*, 259 F.3d 489, 491 (6th Cir.2001) (same); *United States v. Moss*, 252 F.3d 993, 997–98 (8th Cir.2001) (same); *United States v. Sanchez–Cervantes*, 282 F.3d 664, 665 (9th Cir.2002) (same); *Daniels v. United States*, 254 F.3d 1180, 1192 (10th Cir.2001) (same); *McCoy v. United States*, 266 F.3d 1245, 1256 (11th Cir.2001) (same).

■ Although the Supreme Court in *Apprendi* did not address the question of whether its decision applies retroactively, new rules of constitutional criminal procedure "are generally not applied retroactively on collateral review." *United States v. Mandanici*, 205 F.3d 519, 527 (2d Cir. 2000); *see also Teague*, 489 U.S. at 310, 109 S.Ct. 1060 ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."). Under *Teague*, new rules of criminal procedure are to be applied retroactively on collateral review only if they fall within one of two narrow exceptions. 489 U.S. at 311–12, 109 S.Ct. 1060; *see also Saffle v. Parks*, 494 U.S. 484, 486, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990). The first exception encompasses new rules that "place an entire category of primary conduct beyond the reach of the criminal law." *Raulston*, 2002 WL 826810, at *4 (citing *Sawyer v. Smith*, 497 U.S. 227, 241–42, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990)). This exception is clearly inapplicable here because *Apprendi* does not decriminalize any category of conduct. The second exception under *Teague* applies to new "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *O'Dell v. Netherland*, 521 U.S. 151, 167, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997). Vargas asserts that his petition is not time barred because *Apprendi* falls under this second exception.

Although the Second Circuit has yet to address whether *Apprendi* applies retroactively on collateral review, *see Santana–Madera v. United States*, 260 F.3d 133 (2d Cir.2001), it has noted that the Supreme Court "has measured at least eleven new rules, or proposed new rules, of criminal procedure against the criteria for the second [*Teague* ] exception and, in every case, has refused to apply the rule at issue retroactively." *Mandanici*, 205 F.3d at 529; *see also Bilzerian v. United States*, 127 F.3d 237, 241 (2d Cir.1997) (holding that *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), which shifted the determination of materiality in a prosecution under 18

U.S.C. § 1001 from the judge to the jury, was not a watershed rule justifying retroactive collateral review under *Teague* ).

Furthermore, every other circuit that has ruled on the issue has held that *Apprendi* does not apply retroactively on collateral review. *See Curtis · v. United States*, 294 F.3d 841 (7th Cir.2002) (*"Apprendi* ... does not disturb sentences that became final before June 26, 2000, the date of [the decision's] release."); *McCoy v. United States*, 266 F.3d 1245, 1257 (11th Cir.2001) (*"Apprendi* does not fall within either exception to *Teague's* non-retroactivity standard. Therefore ... *Apprendi* does not apply retroactively on collateral review."); *United States v. Moss*, 252 F.3d 993 (8th Cir.2001) ("[W]e hold ... that *Apprendi* is not of watershed magnitude and that *Teague* bars petitioners from raising *Apprendi* claims on collateral review."); *Jones v. Smith*, 231 F.3d 1227, 1236 (9th Cir.2000) ("[T]he non-retroactivity principle pronounced in *Teague* prevents Petitioner from benefitting from *Apprendi's* new rule on collateral review."); *United States v. Sanders*, 247 F.3d 139, 148 (4th Cir.2001) ("[T]he new rule announced *Apprendi* does not rise to the level of a watershed rule of criminal procedure which 'alters our understanding of the bedrock elements essential to the fairness of a proceeding.' ") (quoting *Sawyer*, 497 U.S. at 242, 110 S.Ct. 2822); *In re Turner*, 267 F.3d 225, 231 (3d Cir.2001)

(holding that, until the Supreme Court rules otherwise, *Apprendi* is not "a new rule of constitutional law, made retroactive to cases on collateral review ..., that was previously unavailable"). *Cf. Ring v. Arizona*, 536 U.S. ——, 122 S.Ct. 2428, 2449, —— L.Ed.2d —— (2002) (O'Connor, J., dissenting) (noting that the majority's new rule of constitutional criminal procedure, requiring a jury, and not a judge, to find aggravating ·circumstances required by statute to impose the death penalty, would not benefit the majority of prisoners already on death row because they would be barred from raising the issue on federal collateral review) (citing 28 U.S.C. §§ 2244(b)(2)(A), 2254(d)(1) and *Teague*, 489 U.S. 288, 109 S.Ct. 1060). *But see United States v. Clark*, 260 F.3d 382, 387 (5th Cir.2001) (Parker, J., dissenting) (concluding that *"Apprendi* announces a new substantive rule" and must therefore be applied retroactively).

In addition, at least four judges in this District have reached the same conclusion. *See Raulston*, 2002 WL 826810, at *4–*5; *Garcia v. United States*, No. 01 Civ. 7188, 2002 WL 42888, at *1 (S.D.N.Y. Jan.11, 2002) (*"Apprendi* should not be applied retroactively on collateral review."); *Saldarriaga v. United States*, No. 99 Civ. 4487, 2002 WL 449651, at *6 (S.D.N.Y. Mar.21 2002) (same); *Moore v. White*, 188 F.Supp.2d 411, 416 (S.D.N.Y.2002) (same).[1] *But see Rosario v. United States*, No. 00 Civ. 9295, 2001 WL 1006641, at *2

---

1. Numerous courts in other districts have held the same. *See United States v. Latney*, 131 F.Supp.2d 31, 34 (D.D.C.2001); *Leopard v. United States*, 141 F.Supp.2d 1326, 1331–32(E.D.Okla.2001); *United States v. Trinh*, 166 F.Supp.2d 1042, 1048 (E.D.Pa.2001); *Brooks v. United States*, 166 F.Supp.2d 366, 371 (D.Md.2001); *United States v. McCloud*, Nos. 00 Cv. 3342, 96 Cr. 2003101, 2001 WL 173776, at *2 (D.Kan. Feb.16, 2001); *United States v. Goode*, 143 F.Supp.2d 817, 823 (E.D.Mich.2001); *Panoke v. United States*, ——

F.Supp.3d ——, Nos. 94 Cr. 02179, 00 Cv. 00548, 2001 WL 46941, at *3 (D.Haw. Jan.5, 2001); *Klein v. United States*, 125 F.Supp.2d 460, 467 (D.Wyo.2000); *Ware v. United States*, 124 F.Supp.2d 590, 600 (M.D.Tenn.2000); *United States v. Johnson*, 126 F.Supp.2d 1222, 1226–27 (D.Neb.2000). *But see Parise v. United States*, 135 F.Supp.2d 345, 349 (D.Conn.2001); *United States v. Hernandez*, 137 F.Supp.2d 919, 932 (N.D.Ohio 2001); *Jackson v. United States*, 129 F.Supp.2d 1053, 1068 (E.D.Mich.2000).

(S.D.N.Y. Aug.30, 2001) (concluding that *Apprendi* applies retroactively on collateral review, because the "primary feature of the new rule is its substantive construction of federal criminal statutes").

 This Court agrees and finds that *Apprendi* does not apply retroactively on collateral review. Like *Gaudin*, *Apprendi* shifted certain factual determinations from the judge to the jury. Neither case " 'alter[s] our understanding of the bedrock procedural elements' essential to the fairness of a trial." *Bilzerian*, 127 F.3d at 241 (quoting *Teague*, 489 U.S. at 311, 109 S.Ct. 1060). *Gaudin* instructed that the Constitution required a judge to submit the question of the materiality of a defendant's allegedly false statements to the jury. *See Gaudin*, 515 U.S. at 522–23, 115 S.Ct. 2310. In *Bilzerian*, the Second Circuit held that the new rule in *Gaudin* did not apply retroactively, explaining that "[t]here is little reason to believe that juries will have substantially different interpretations of materiality than judges and therefore, practically speaking, *Gaudin* will do little to alter the status quo." *Bilzerian*, 127 F.3d at 241. In light of the Second Circuit's reasoning in *Bilzerian*, and considering that the issue of materiality in *Gaudin* was an essential element of the charged offense, *see* 18 U.S.C. § 1001(a), this Court concludes that *Apprendi* did not state a "watershed rule[ ] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *O'Dell*, 521 U.S. at 167, 117 S.Ct. 1969 (internal citation omitted). There is little reason to believe that juries will assess evidence of the quantity of narcotics or make other sentence-enhancing factual determinations differently than judges, and *Apprendi* will "do little to alter the status quo." *Bilzerian*, 127 F.3d at 241. Accordingly, the Court finds that

Vargas's petition for a writ of habeas corpus is time barred under § 2255(3).

### III. *CONCLUSION AND ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that Vargas's petition for a writ of habeas corpus is DENIED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**